UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HANDY BAILEY, JR.,

v.                                    Case No. 8:97-cr-213-T-17TBM
                                              8:08-cv-1843-T-17TBM

UNITED STATES OF AMERICA.

## O R D E R

On September 10, 2008, Defendant Bailey filed a successive motion for relief under 28 U.S.C. § 2255.  He entitled the motion, "Petition Presenting Federal Question in Reference to the Equal Protection Component of the Constitution."  Bailey asks whether sentencing reductions granted to some career offenders and denied to others under 18 U.S.C. § 3582(c)(2) after amendment 706 and 711 creates an unwarranted sentencing disparity in violation of the Fifth Amendment, and if so, does this Court have authority under its declaratory judgment to grant proper relief under 28 U.S.C. § 2201 and 2202.

Bailey's motion to vacate must be denied for at least two reasons.  Pursuant to 28 U.S.C. § § 2255 and  2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, federal prisoners who want to file a second or successive motion to vacate, set aside, or correct a sentence must move the court of appeals for an order authorizing the district court to consider the second or successive motion. See 28 U.S.C. § 2244(b)(3)(A).  A three-judge panel of the court of appeals, § 2244(b)(3)(B), may authorize the filing of a second or successive motion only if it determines that the motion contains claims which rely on either: (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and

convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255. *See* <u>In re Blackshire</u>, 98 F.3d 1293 (11th Cir. 1996). Defendant Bailey has not fulfilled the requirements of the statutes as set out above.

Second, pursuant to *United States v. Moore,* ---F. 3d ---, 2008 WL 4093400 (11th Cir. 2008) the retroactive amendment to the sentencing guidelines that reduced base offense levels based on quantity of crack cocaine is inapplicable to sentences of defendants who were sentenced as career offenders.  Bailey was sentenced as a career offender.

Accordingly, the Court orders:

Petitioner's successive 28 U.S.C. § 2255 motion to vacate is denied.  The Clerk is directed to enter judgment against Defendant in Civil Case No. 8:08-cv-1843-T-17TBM, and to close that case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances.

Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on September 26, 2008.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Handy Bailey, Jr.