### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:97-cr-213-T-60TBM

HANDY BAILEY,

    Defendant.
_____/

### ORDER DENYING DEFENDANT'S MOTION
### SEEKING MODIFICATION OF SUPERVISED RELEASE

This matter is before the Court on Defendant Handy Bailey's "Petition Seeking Modification of Supervise[d] Release," filed *pro se* on September 14, 2020. (Doc. 437). On September 29, 2020, the Court directed the United States to respond to the motion. (Doc. 438). On the same day, the Government filed its response. (Doc. 439). After reviewing the motion, response, case file, and the record, the Court finds as follows:

In his motion, Defendant seeks the termination of his supervised release. As grounds, Defendant asserts that he has maintained gainful employment and has complied with the terms and conditions of his release. He indicates that he is a member of the True Pentecostal Holiness Church and attends services several days a week. Defendant alleges that is actively involved in community service by feeding and providing food for the homeless, and that he has a desire to construct housing for the homeless. Defendant wishes to mentor young adults and travel to other regions to study how they deal with homelessness, and he intends to submit a

proposal to the City of Orlando to create a habitat for the homeless. Defendant also alleges that he "is attempting to schedule meetings with doctors in different cities and regions to discuss ways of getting a tax write off."

Examining the sentencing factors set forth in Section 3553, the Court finds that Defendant is not entitled to relief. The vast majority of the factors – namely, Sections 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), and (a)(6) – weigh against early termination. Defendant's instant offense involved the distribution of cocaine. His lengthy criminal history includes arrests for grand theft, aggravated assault, attempted armed kidnapping, battery, drug distribution, and burglary. His criminal history category ("CHC") is VI – he had 27 criminal history points, more than twice the amount required to qualify for CHC VI. As a career offender, Defendant presents a high risk for recidivism and the quantity and nature of his prior offenses demonstrate a danger to the public. Due to his lengthy criminal record, Defendant was sentenced to serve eight years of supervised release. Similarly-situated defendants receive similarly lengthy terms of supervised release. At this time, he has only served around three and a half years of that term. According to Probation, and contrary to Defendant's assertion, Defendant's employment has not been stable and he is currently unemployed. He was fired from previous employment and accused of sexual harassment.

The only factors that do not weigh against Defendant are Sections 3553(a)(5) and (a)(7). With regard to Section 3553(a)(5), the Court considers the pertinent policy statements. This factor is neutral. Section 3553(a)(7) pertains to restitution,

which is not an issue in this case.

Therefore, after considering the relevant sentencing factors, the Court finds that Defendant is a poor candidate for early termination of supervised release. The motion is denied.

**DONE AND ORDERED** in Chambers, in Tampa, Florida, this 22nd day of October, 2020.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**